## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### BLUEFIELD DIVISION

| | |
|---|---|
| **TERRY HEADEN,** ) | |
| ) | |
| **Movant,** ) | |
| ) | |
| v. ) | **Civil Action No. 1:10-1402** |
| ) | **Criminal Action No. 1:07-00139** |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Respondent.** ) | |

### PROPOSED FINDINGS AND RECOMMENDATION

Pending before the Court is Movant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody.[1] (Document Nos. 95.) By Standing Order, this matter was referred to the undersigned United States Magistrate Judge for submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 96.)

### FACTUAL BACKGROUND

On August 13, 2007, Defendant pled guilty to conspiracy to distribute quantities of oxycodone in violation of 21 U.S.C. § 846, and money laundering in violation of 18 U.S.C. § 1956. (Criminal Action No. 1:07-cr-0139, Document Nos. 54, 56, and 57.) A Presentence Investigation Report was prepared. (Id., Document No. 76.) As to the drug conspiracy, the District Court determined that Movant had a Base Offense Level of 32, and a Total Offense Level of 34, the Court having granted a two-level upward adjustment pursuant to U.S.S.G. § 2D1.1(b)(1) for possession of a dangerous weapon. (Id., Document No. 71, p. 7.) As to money laundering, the District Court

---

[1] Because Movant is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer, and therefore they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

determined that Movant had a Base Offense Level of 34, and a Total Offense Level of 37, the Court having granted a two-level upward adjustment pursuant to U.S.S.G. § 2S1.1(b)(2)(B) because defendant was convicted under 18 U.S.C. § 1956, a four-level increase for his role in the offense pursuant to U.S.S.G. § 3B1.1(a) because defendant was an organizer or leader of a criminal activity that involved five or more participants, and a three-level downward adjustment for acceptance of responsibility. (Id., pp. 7 - 8.) The District Court sentenced Movant on August 25, 2008, to serve a 240-month term of incarceration as to each count to run concurrently, to be followed by a three-year term of supervised release. (Id., Document No. 69.) On September 3, 2008, Defendant filed a Notice of Appeal. (Id., Document No. 73.) The Fourth Circuit Court of Appeals affirmed Defendant's conviction and sentence on September 18, 2009. United States v. Headen, 332 Fed.Appx. 881 (4th Cir. 2009). Defendant did not seek review in the United States Supreme Court.

On December 22, 2010, Movant filed his instant Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody.[2] (Civil No. 1:10-01402, Document No. 95.) As grounds for *habeas* relief, Movant alleges as follows:

(1)   Defendant was sentenced for money laundering under a law that is no longer correct. The Supreme Court ruled in U.S. v. Santos that the term "proceeds" meant "net profits" not "gross receipts." If the court goes by the law that held precedent over matter at sentencing, then according to U.S. v. Santos, defendant's sentence would be for less.

(2)   Ineffective assistance of counsel. If lawyers would have been familiar with current laws then defendant's attorney would have raised proper issues and filed proper motions to defend defendant. The attorney failed in all aspects

---

[2] Although Movant's Section 2255 Motion was received and filed by the Clerk on December 22, 2010, Movant's Section 2255 Motion is dated December 10, 2010. The "prison mailbox rule" as announced in *Houston v. Lack*, 487 U.S. 266, 270-71, 108 S.Ct. 2379, 2382, 101 L.Ed.2d 245 (1988), requires the court to consider an inmate's submission as filed when he delivers it to prison officials for mailing. *Also see Lewis v. Richmond City Police Department*, 947 F.2d 733, 735-36 (4th Cir. 1991). Thus, the Court will consider Movant's Motion as timely.

        by preparing no defense and not raising proper issues pre-sentencing, sentencing, or on appeal. Constitution guarantees defendant to proper representation throughout entire proceedings. This also prejudiced defendant and denied defendant due process.

(3)      The law clearly states that if you use proceeds to further your drug dealing business then it is not considered money laundering. U.S. v. Caplinger, 339 F.3d 226, 233 (4th Cir. 2003). So lawyers were ineffective by not raising this issue in either presentence hearing or appeals because the unlawful proceeds went to buy ATVs and vehicles, not to promote their drug scheme. See PSI.

(Id., pp. 4 - 7.).

## DISCUSSION

The relevant portion of Section 2255 provides as follows:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

A motion made pursuant to Section 2255 is a collateral attack on a conviction or sentence. To succeed on a Section 2255 motion, the movant must prove that "his sentence or conviction was imposed in violation of the Constitution or laws of the United States, that the court was without jurisdiction to impose such a sentence, that the sentence exceeded the maximum authorized by law, or that the sentence otherwise is subject to collateral attack." 28 U.S.C. § 2255. "A motion collaterally attacking a petitioner's sentence brought pursuant to § 2255 requires the petitioner to establish his grounds by a preponderance of the evidence." Sutton v. United States, 2006 WL 36859, * 2 (E.D.Va. Jan. 4, 2006).

1.      **United States v. Santos, 553 U.S. 507, 128 S.Ct. 2020, 170 L.Ed.2d 912 (2008).**

      Movant argues that his conviction and sentence for money laundering is invalid based upon

United States v. Santos, 553 U.S. 507, 128 S.Ct. 2020, 170 L.Ed.2d 912 (2008). (Document No. 95, p. 4.) Movant notes that the "Supreme Court ruled in U.S. v. Santos that the term "proceeds" meant "net profits" not "gross receipts." (Id.) Movant, therefore, contends that "if the court goes by the law that held precedent over the matter at sentencing, then according to U.S. v. Santos defendant's sentence would be for less." (Id.)

In United States v. Santos, 553 U.S. 507, 128 S.Ct. 2020, 170 L.Ed.2d 912 (2008), the United States Supreme Court issued a plurality opinion narrowing the scope of the money laundering statute by interpreting the term "proceeds" in § 1956(a)(1) to mean the "net profits" rather than its "gross receipts."[3] Id. Specifically, a plurality of the Supreme Court found the term "proceeds" in the money laundering statute to be ambiguous, and applying the rule of lenity, determined that "proceeds" means "profits" and not "receipts." Id., 553 U.S. at 510-14, 128 S.Ct. 2020. In his concurring opinion, Justice Stevens agreed that in the context of illegal gambling, "proceeds" means "profits," but in other cases "proceeds" can mean either "profits" or "receipts." Id., 553 U.S. at 524-28, 128 S.Ct. at 2020. The plurality and Justice Stevens were concerned about a "merger problem," where every violation of the underlying statute would also be a violation of the money laundering statute. Id., 553 U.S. at 515-16, 128 S.Ct. 2020.

In United States v. Halstead, 634 F.3d 270 (4th Cir. 2011), the Fourth Circuit clarified the scope of Santos. First, the Fourth Circuit explained that "[w]hen a fragmented Court decides a case and no single rationale explaining the result enjoys the assent of five Justices, 'the holding of the Court may be viewed as that position taken by those Members who concurred in the judgments on the narrowest grounds.'" Id., citing Marks v. United States, 430 U.S. 188, 193, 97 S.Ct. 990, 51

---

[3] *Santos* was decided by a 4-1-4 vote.

L.Ed.2d 260(1977). First, the Fourth Circuit determined that "[i]n its narrowest sense, . . . the five justices could be found to have held that the money laundering term 'proceeds' means 'net profits' when the proceeds are from an illegal gambling operation." Id. at 278. Next, the Fourth Circuit stated that the five justices "agreed that the driving force for their holding was the merger problem resulting from the circumstances in that case – a prosecution of defendants for transactions that supported convictions for both illegal gambling and money laundering." Id. Thus, the Fourth Circuit concluded as follows:

> In sum, we read *Santos* to hold that when a merger problem arises in the context of money laundering and illegal gambling, the *required* solutions is to define the proceeds of the illegal gambling business as its net profits. When, however, a merger problem arises in the context of money laundering and an illegal activity other than illegal gambling, because of Justice Stevens' opinion that would require addressing that situation on a case-by-case approach, we will leave further development of a solution to a future case that presents the problem.

Halstead, 634 F.3d at 279.

Based on the foregoing, the Fourth Circuit determined that Halstead was not entitled to relief under Santos. Although Halstead was convicted of both health-care fraud and conspiracy to launder monetary instruments, the Fourth Circuit determined that the circumstances of the case did not result in a "merger problem." Id. The Fourth Circuit explained that "when the illegal activity includes money transactions to pay for the costs of the illegal activity, a merger problem can occur if the government uses those transactions also to prosecute the defendant for money laundering . . . But when the financial transactions of the predicate offense are different from the transactions prosecuted as money laundering, the merger problem recognized in *Santos* does not even arise." Id. at 279-80. The Fourth Circuit concluded that a "merger problem" did not arise as the transactions involving Halstead's healthcare fraud conviction and his money laundering conviction were different transactions. Id. at 280.

The undersigned finds Santos inapplicable to the circumstances of Movant's case. First, the Court finds that Movant was not convicted of illegally gambling. Thus, the money laundering term "proceeds" is not restricted to "net profits." Next, the undersigned must consider whether there is a "merger problem" that would restrict the term "proceeds" to "net profits." Unlike Santos, the circumstances of Movant's case do not present a "merger problem." In Santos, a "merger problem" arose where the defendant was convicted of money laundering and illegal gambling based upon the same financial transactions. Movant, however, was charged and convicted of conspiracy to distribute quantities of oxycodone and money laundering. Accordingly, Santos is inapplicable because Movant's conviction of conspiracy to distribute quantities of oxycodone and money laundering do not present a "merger problem."[4] See United States v. Payton, 437 Fed.Appx. 241, 243 (4th Cir. 2011)(finding Santos inapplicable because defendant's conviction for possession with intent to distribute cocaine base did not present a merger problem with his money laundering conviction); also see United States v. Webster, 623 F.3d 901, 906 (9th Cir. 2010)("Because neither the conspiracy nor the drug possession count against Webster presents a merger problem, neither requires narrowly defining 'proceeds' as 'profits' for the money laundering counts."); United States v. Mitchell, 613 F.3d 862, 867 (8th Cir. 2010)("proceeds equates with gross receipts when the funds are derived from drug sales"). Accordingly, Movant's above argument is without merit.

**2.     Ineffective Assistance of Counsel:**

Indigent criminal defendants have the constitutional right to effective assistance of counsel through direct appeal. Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967)

---

[4] Having concluded that *Santos* does not apply to Movant's money laundering claim, it is unnecessary to determine whether he could establish the cause required to overcome the procedural default.

When a movant claims ineffective assistance of counsel as a basis for seeking relief under Section 2255, the burden is on the movant to prove that his trial attorney failed to render effective assistance. Strickland v. Washington, 466 U.S. 668, 689, 104 S.Ct. 2052, 2065, 80 L.Ed.2d 674 (1984). In Strickland, the Court adopted a two-pronged test for determining whether a defendant received adequate assistance of counsel. Id. The first prong is competence. The movant must show that the representation fell below an objective standard of reasonableness. Strickland, 466 U.S. at 687 - 691, 104 S.Ct. at 2064 - 2066. There is a strong presumption that the conduct of counsel was in the wide range of what is considered reasonable professional assistance, and a reviewing Court must be highly deferential in scrutinizing the performance of counsel. Strickland, 466 U.S. at 688-89, 104 S.Ct. at 2065 - 2066.

> A convicted defendant making a claim of ineffective assistance must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment. The court must then determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance. . .. [C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.

Strickland, 460 U.S. at 690, 104 S.Ct. at 2066. The Court will not second-guess an attorney's tactical decisions unless they appear unreasonable in view of all of the circumstances. Goodson v. United States, 564 F.2d 1071, 1072 (4th Cir. 1977). The second prong is prejudice. The movant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694, 104 S.Ct. at 2068; Hill v. Lockhart, 474 U.S. 52, 59, 106 S.Ct. 366, 370, 88 L.Ed.2d 203 (1985). An attorney's mere mistake, ignorance or inadvertence does not suffice for proof of ineffective assistance. Murray v. Carrier, 477 U.S. 478, 106 S. Ct. 2639, 2645-46, 91 L.Ed.2d 397 (1986)("So long as a defendant is represented

by counsel whose performance is not constitutionally ineffective under the standard established in Strickland v. Washington, . . . we discern no inequity in requiring him to bear the risk of attorney error that results in a procedural default.") The movant must therefore show (1) that his attorney's performance was constitutionally inadequate, i.e., that he committed errors so serious that his performance "fell below an objective standard of reasonableness" and (2) that his attorney's performance prejudiced him such that it rendered the proceeding fundamentally unfair or made the result unreliable. Strickland, 466 U.S. at 687 - 88, 104 S.Ct. at 2064 - 2065; Fitzgerald v. Thompson, 943 F.2d. 463 (4th Cir. 1991), cert. denied, 502 U.S. 1112, 112 S.Ct. 1219, 117 L.Ed.2d 456 (1992).

### A. *Trial Counsel's Failure to Rely upon Santos.*

Movant appears to argue that trial counsel should have been aware of the Santos decision and filed "proper motions to defend defendant." (Civil No. 1:10-01402, Document No. 95, p. 5.) As stated above, the Court finds that Santos is inapplicable to circumstances of Movant's case. Accordingly, trial counsel was not ineffective in failing to present arguments based upon Santos or advise Movant of the Santos decision. See United States v. Kilmer, 167 F.3d 889, 893 (5th Cir. 1999)(stating that "[a]n attorney's failure to raise a meritless argument . . . cannot form the basis of a successful ineffective assistance of counsel claim because the result of the proceeding would not have been different had the attorney raised the issue"); Moore v. United States, 934 F.Supp. 724, 731 (E.D.Va. 1996)(holding that "there can be no claim of ineffective assistance where, as here, counsel is alleged to have failed to raise a meritless argument").

### B. *Trial Counsel's Failure to Rely upon Caplinger.*

Citing United States v. Caplinger, 339 F.3d 226 (4th Cir. 2003), Movant argues that trial counsel was ineffective in failing to argue there was insufficient evidence to prove the intent element

8

of the money laundering charge. Specifically, Movant argues that there was insufficient evidence to prove that he used proceeds from an unlawful scheme to promote his unlawful activity. Movant argues that the "the unlawful proceeds went to buy ATVs and vehicles, not to promote their drug scheme." In <u>Caplinger</u>, the Fourth Circuit stated that "we have held under the domestic money laundering statute, 18 U.S.C. § 1956(a)(1)(A)(i) - a statute containing the same 'intent to promote' language - that intent to promote is proven with evidence that the defendant *used* proceeds from an unlawful scheme to keep the scheme going." <u>Caplinger</u>, 339 F.3d at 233(finding that "use can be proved by other competent evidence, including circumstantial evidence, that the defendant applied unlawful proceeds to promote and perpetuate his scheme"). Movant, however, was not convicted of violating 18 U.S.C. § 1956(a)(1)(A)(i).[5] Movant pled guilty and was convicted of violating 18 U.S.C. § 1956(a)(1)(B)(i). Title18 U.S.C. § 1956(a)(1)(B)(i) provides as follows, in pertinent part:

> **(a)(1)** Whoever, knowing that the property involved in a financial transaction represents the proceeds of some form of unlawful activity, conducts or attempts to conduct such a financial transaction which in facts involves the proceeds of specified unlawful activity - -
> \* \* \*
> **(B)** knowing that the transaction is designed in whole or in part - -
> > **(i)** to conceal or disguise the nature, the location, the source, the ownership or the control of the proceeds of specified unlawful activity; or
> \* \* \*

Thus, Section 1956(a)(1)(B)(i) does not require proof that defendant had the "intent to promote the

---

[5] Title18 U.S.C. § 1956(a)(1)(A)(i) provides as follows, in pertinent part:

**(a)(1)** Whoever, knowing that the property involved in a financial transaction represents the proceeds of some form of unlawful activity, conducts or attempts to conduct such a financial transaction which in facts involves the proceeds of specified unlawful activity - -
> **(A)(i)** with the intent to promote the carrying on of specified unlawful activity; or

9

carrying on of specified unlawful activity."[6] Accordingly, the undersigned finds that trial counsel was not ineffective in failing to challenge Movant's conviction or sentence based upon Caplinger. See Kilmer, 167 F.3d at 893; Moore, 934 F.Supp. at 731.

### C. *Trial Counsel's Failure to Prepare a Defense and Raise Proper Issues.*

Movant argues that trial counsel was ineffective in failing to "raise proper issues and file proper motions to defend defendant." A movant must make specific allegations establishing reason to believe that, if the facts are fully developed, he is entitled to relief. United States v. Roane, 378 F.3d 382, 403 (4th Cir. 2004). Movant, however, fails to allege how counsel's alleged misconduct resulted in prejudice. Movant's conclusory allegation that counsel failed to raise "proper issues and file proper motions" is insufficient. Movant does not indicate what issues or motions that counsel failed to raise or file, or how those issues or motions would have made a difference in the District Court proceedings. Movant, therefore, fails to meet the Strickland two prong standard.

### PROPOSED FINDINGS AND RECOMMENDATION

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED** that the District Court **DENY** Movant's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (Document No. 95.) and **REMOVE** this matter from the Court's docket.

Movant is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge David A. Faber. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rule 8(b) of the Rules

---

[6] Movant does not dispute that the proceeds of the drug conspiracy were used to buy ATVs and vehicles in order to conceal the proceeds of the unlawful drug activity.

Governing Proceedings in the United States District Courts Under Section 2255 of Title 28, United States Code, and Rule 45(c) of the Federal Rules of Criminal Procedure, Movant shall have seventeen days (fourteen days, filing of objections and three days, mailing/service) from the date of filing of these Findings and Recommendation within which to file with the Clerk of this Court, written objections, identifying the portions of the Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Faber, and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Movant, who is acting *pro se*, and counsel of record.

Date: November 27, 2013.

R. Clarke VanDervort
United States Magistrate Judge